IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,387




EX PARTE KEVIN BENTI DAVIS, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-28107 IN THE 217TH JUDICIAL DISTRICT COURT
FROM ANGELINA COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twelve years’ imprisonment. 
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because he failed to timely respond when the court of appeals notified appellate counsel of the need
to amend the record and file an extension of time to file notice of appeal. Applicant’s notice of
appeal was filed one day late, and no motion for extension of time for filing notice of appeal was
received by the court of appeals within fifteen days of the deadline for filing notice of appeal. The
court of appeals sent notice to appellate counsel of the need to amend the record, but appellate
counsel did not read the notice until after the deadline had passed and the appeal had been dismissed
for want of jurisdiction.
            Appellate counsel, who filed this habeas application on Applicant’s behalf, has provided an
affidavit confirming that he did not timely file a motion for an extension of time to file notice of
appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. CR-28107 from the 217th Judicial District Court of
Angelina County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
 
Delivered: August 25, 2010
Do Not Publish